**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|                          |   |                           |
|--------------------------|---|---------------------------|
| BILLY PERRY,             | : |                           |
|                          | : | Civil No. 06-2270 (DMC)   |
|     Petitioner, | : |                           |
|                          | : |                           |
|     v.          | : |                           |
|                          | : | **OPINION**               |
| CHARLES E. SAMUELS,      | : |                           |
|                          | : |                           |
|     Respondent. | : |                           |
|                          | : |                           |

---

**APPEARANCES:**

    BILLY PERRY, Petitioner pro se
    #24964-050
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

**CAVANAUGH, District Judge**

This matter is before the Court on the petition of Billy Perry ("Perry") for habeas corpus relief under 28 U.S.C. § 2241, challenging his federal sentence as imposed by this Court on October 28, 2003.  For the reasons set forth below, the Court will dismiss the petition.

### I.   BACKGROUND

On June 3, 2003, Perry pled guilty to one count of possession of a firearm by a convicted felon.  Perry was sentenced by this Court, on October 27, 2003, to an 84-month term

of imprisonment.  Perry did not file a timely direct appeal.[1]
Instead, on August 30, 2004, Perry filed a motion before this
Court seeking to correct the sentence enhancement, pursuant to
Rule 60(b) of the Federal Rules of Civil Procedure.  He argued
that, under Blakely v. Washington, 542 U.S. 296 (2004), only a
jury can determine factors of a crime to increase a sentence, and
that his base level should have been reduced because it was not
established that the weapon moved through interstate commerce.

    In an Opinion and Order filed on April 11, 2005, this Court
denied Perry's motion to correct the sentence enhancement under
Fed.R.Civ.P. 60(b)on several grounds.  First, this Court noted
that it did not impose a sentence that exceeded the maximum range
based upon findings of additional facts other than those
stipulated to by Perry.  In fact, Perry had been sentenced at the
bottom of the Guidelines range, which in this case was 84-105
months.  Second, Perry cannot raise a claim under Blakely because
Blakely is not applicable to defendants whose convictions had
become final on direct review before the Blakely decision.  In

---

        [1]  Perry filed a notice of appeal long after the judgment of
conviction and sentence was entered.  The United States Court of
Appeals for the Third Circuit dismissed the untimely appeal for
want of jurisdiction by Order entered June 7, 2005.  The Third
Circuit noted that Perry's conviction became final on November
13, 2004, citing Kapral v. United States, 166 F.3d 565, 577 (3d
Cir. 1999)("If a defendant does not pursue a timely direct appeal
to the court of appeals, his or her conviction and sentence
become final, and the statute of limitation begins to run, on the
date on which the time for filing such an appeal expired").

this case, Perry's judgment of conviction became final before the Supreme Court's decision in <u>Blakely</u>.

Perry then appealed the Court's decision to the Third Circuit. In an unpublished Opinion filed on August 8, 2005, the Third Circuit summarily affirmed this Court's ruling. The Third Circuit observed that, as part of Perry's plea agreement, he had expressly waived the right to file a collateral attack upon his conviction and sentence, and there was no basis in the record to question the validity or applicability of that waiver.[2]

On August 24, 2005, Perry filed a motion asking this Court to reconsider it prior judgment pursuant to Rule 60(b). This Court denied the motion for reconsideration by Order issued on October 17, 2005.

On or about January 30, 2006, Perry filed a petition for habeas relief under 28 U.S.C. § 2241. He again challenged his

---

[2]   The Third Circuit also commented on this Court's failure to give petitioner notice prescribed under <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1997) before ruling on the Rule 60(b) motion. <u>Miller</u> provides that, when a <u>pro se</u> petitioner challenges a conviction or sentence, whether or not the action is styled as a § 2255 motion, a district court must give notice to the petitioner regarding the effect of his pleadings. Namely, the petitioner should be informed that he can (1) have his motion ruled upon as filed; (2) have the motion recharacterized as a § 2255 motion and ruled upon as such, but lose the ability to file a second or successive § 2255 motion absent certification by the court of appeals; or (3) withdraw his motion and file on all-inclusive § 2255 motion within the one-year statutory period. However, the Third Circuit found no error in this Court's failure to invoke <u>Miller</u> since it would have served no meaningful purpose to issue a <u>Miller</u> notice to Perry because he validly waived his right to file a collateral attack.

sentence enhancement as unconstitutional and argued that "the District Court erred when it violated Rule 11 of the [Fed.R.Crim.P.]."  Perry also claimed that he received ineffective assistance of counsel.  He admitted that he raised these same arguments in a prior motion under Rule 60(b).  Perry further acknowledged that he had no knowledge of the law and that his first motion was inappropriate.  This Court dismissed the petition by Opinion and Order filed on March 30, 2006.[3]

On May 16, 2006, this Court received Perry's new application for habeas relief under § 2241.  The petition was dated May 10, 2006.  Again, Perry challenges his 84-month prison sentence imposed on October 28, 2003.  Perry asserts that his sentence is being "executed" in an unconstitutional manner in violation of his Fifth Amendment right to due process and equal protection of law.  Specifically, Perry contends that the Court's sentence of 84 months reflects the wrong statute of conviction under 26 U.S.C. § 5845(a).  Thus, for the Warden to enforce a sentence allegedly imposed under the wrong statute, Perry's rights would be violated.  It appears that Perry is arguing that the 84-month sentence is excessive.

---

[3]  The Court found that the petition was a § 2255 motion challenging Perry's sentence and ruled that the application was time-barred.  Alternatively, the Court held that the petition was duplicative of an earlier-filed motion that had been denied for lack of merit.

II.   <u>ANALYSIS</u>

A.   <u>Sua Sponte Dismissal</u>

"Habeas corpus petitions must meet heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  <u>See</u> 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." <u>McFarland</u>, 512 U.S. at 856; <u>see also</u> <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025.

B.   <u>Merits</u>

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

5

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[4]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the

---

[4] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district."  United States v. Hayman, 342 U.S. 205, 213-14 (1952).

Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[5] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of

---

[5] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

his wrongful detention claim." <u>Cradle</u>, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  <u>Id.</u>  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  <u>Id.</u> at 539.

Here, Perry attempts to argue that he is entitled to habeas relief under § 2241 because the Warden is executing a sentence that violates his Fifth and Eighth Amendment rights.  The Court finds that this petition is actually a collateral attack on the sentence as imposed and is not a challenge as to the manner in which the sentence is being executed.  Therefore, the petition is within the scope of claims that are cognizable under § 2255 and the Court is prohibited from entertaining Perry's claims under § 2241 unless § 2255 is inadequate or ineffective for him to raise them.

However, Perry does not present any argument to show the Court that resort to § 2255 is inadequate or ineffective.  The Court is aware that Perry has sought relief from the sentence enhancement in a prior motion, and that such relief was denied by

8

this Court.  Thus, this action may be construed as a second or successive motion under § 2255 seeking to vacate or modify his sentence, over which this Court lacks jurisdiction because it must be certified by the Third Circuit before consideration by a district court.

Moreover, even if this Court were to find that this petition is Perry's first § 2255 motion, it would be time-barred because it was filed beyond the one-year statutory period, which expired on November 13, 2005.  See this Opinion at fn. 1, supra.  Thus, Perry's inability to meet the limitations and gatekeeping requirements of § 2255 here does not render it an inadequate or ineffective remedy that would allow him to proceed under § 2241, and his petition must be dismissed.

Finally, the Third Circuit has already ruled in a similar action when it summarily affirmed this Court's denial of Perry's prior Rule 60(b) motion.  The Third Circuit noted that, in his plea agreement, Perry waived his right to file a collateral attack of his conviction and sentence.  The Third Circuit found this waiver to be valid.  Consequently, this petition may alternatively be dismissed because it is a collateral attack on his sentence, and Perry has waived his right to file a collateral attack pursuant to a valid plea agreement.  Therefore, this Court is again constrained to dismiss this petition for lack of merit

and because it is either time-barred or duplicative of an
earlier-filed motion.

III.   <u>CONCLUSION</u>

For the reasons set forth above, the petition will be
dismissed with prejudice.  An appropriate order follows.


 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge

Dated: 6/12/06